Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Spiros Ntalianas and Ilias Ilyrian, *on behalf of themselves and others similarly situated,*  ) ) | Civil Case No.: |
| *Plaintiffs*, ) | |
| -v- ) | **FLSA COLLECTIVE ACTION COMPLAINT** |
| B & A Contracting of Landmark Inc., and B & A Contracting of NY Inc., and Kostas Georgiades, *jointly and severally,*  ) ) ) | |
| *Defendants.* ) | |

## NATURE OF THE ACTION

1.      Plaintiffs Spiros Ntalianas and Ilias Ilyrian ("Plaintiffs"), bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiffs' lawfully earned wages and overtime compensation. Plaintiffs also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, spread-of-hours pay and notice and record-keeping requirements. Finally, Plaintiffs bring a claim for breach of contract.

## SUMMARY

2.      Plaintiffs were employed by Defendants, B & A Contracting of Landmark Inc., B & A Contracting of NY Inc., and Kostas Georgiades as tile installers.

3.      Defendants have repeatedly deprived Plaintiffs of their minimum and overtime compensation, and spread-of-hours pay.

4.      Prior to the commencement of their employment, there was a verbal agreement between Plaintiffs and Defendants that they would be remunerated at a rate of Two Hundred Dollars ($200.00) per daily shift, which took place from the hours of 8:00 AM to 4:00 PM, and One Hundred Dollars ($100.00) per nightly shift, which took place from 4:00 PM to 8:00 pm.

5.      Plaintiffs were employed for several weeks by Defendants, in which they received no payment at all for their work.

6.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

7.      As a result of Defendants' actions, Plaintiffs have suffered great hardship and damages.

8.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. Plaintiffs seek certification of their FLSA claims as a collective action on behalf of themselves, individually, and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

9.      This Court has original subject matter jurisdiction over this action under 28

U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

**Personal Jurisdiction**

10.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

11.     Venue is proper in the Eastern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

### THE PARTIES

**Plaintiffs**

**Spiros Ntalianas**

12.     Plaintiff Spiros Ntalianas ("Ntalianas") is an adult individual residing in the State of New York, County of Queens.

13.     Ntalianas is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

14.     Ntalianas worked for Defendants in August 2016 for approximately one month as a mason.

15.     Ntalianas regularly handled goods in interstate commerce, such as marble and tiles imported from outside the State of New York.

16.     Prior to the commencement of his employment, there was a verbal agreement between Ntalianas and Defendants that he would be remunerated at a rate of Two Hundred Dollars ($200.00) per daily shift, which took place from the hours of 8:00 AM to 4:00 PM, and One Hundred Dollars ($100.00) per nightly shift, which took place from 4:00 PM to 8:00 pm.

17.     For the monthly period of August 2016, Ntalianas worked an average of 12 hours per day from 8:00 a.m. to approximately 8:00 p.m., 5 days per week, amounting to a total of 60 hours per week.

18.     Specifically, Ntalianas performed tile installations in different commercial buildings and schools, including Babylon High School, as instructed by Defendant Kostas Georgiades. Ntalianas's schedule was set by Defendant Kostas Georgiades at all times.

19.     Throughout this entire period, Ntalianas was not paid at all for his regular or overtime hours worked, nor was he given any spread-of-hours pay.

20.     As a result of non-payment, he was forced to quit his employment.

21.     Ever since his resignation, he repeatedly asked to be paid his wages but he was not paid anything.

22.     Ntalianas was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

23.     Ntalianas was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

24.     Upon information and belief, while Defendants employed Ntalianas, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL

and failed to inform Ntalianas of such rights.

25.     Throughout the duration of his employment, Ntalianas did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

26.     Ntalianas consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

27.     Ntalianas has knowledge of other individuals who were not paid their regular and overtime wages while working for Defendants.

**Ilias Ilyrian**

28.     Plaintiff Ilias Ilyrian ("Ilyrian") is an adult individual residing in the State of New York, County of Queens.

29.     Ilyrian is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

30.     Ilyrian worked for Defendants in August 2016 for approximately two weeks as a mason.

31.     Ilyrian regularly handled goods in interstate commerce, such as marble and tiles imported from outside the State of New York.

32.     Prior to the commencement of his employment, there was a verbal agreement between Ilyrian and Defendants that he would be remunerated at a rate of Two Hundred Dollars ($200.00) per daily shift, which took place from the hours of 8:00 AM to 4:00 PM, and One Hundred Dollars ($100.00) per nightly shift, which took place from 4:00 PM to 8:00 pm.

33.     For the monthly period of August, Ilyrian worked an average of 12 hours per day from 8:00 a.m. to approximately 8:00 p.m., 6 days per week amounting to 72 hours per

week.

34.     Specifically, Ilyrian performed tile installations in different commercial buildings and schools, including Babylon High School, as instructed by Defendant Kostas Georgiades. Ilyrian's schedule was set by Defendant Kostas Georgiades at all times.

35.     Throughout this entire period, Ilyrian was not paid at all for his regular or overtime hours worked, nor was he given any spread-of-hours pay.

36.     As a result of non-payment, he was forced to quit his employment.

37.     Ever since his resignation, he repeatedly asked to be paid his wages but he was not paid anything.

38.     Ilyrian was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

39.     Ilyrian was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

40.     Upon information and belief, while Defendants employed Ilyrian, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Ilyrian of such rights.

41.     Throughout the duration of his employment, Ilyrian did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

42.     Ilyrian consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

43. Ilyrian has knowledge of other individuals who were not paid their regular and overtime wages while working for Defendants.

### Defendants

44. At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiffs, acted in the interest of each other with respect to all their collective employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

a. Defendants all suffered or permitted Plaintiffs to work.

b. Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs and similarly situated employees.

c. Defendants each have an economic interest in Corporate Defendant in which Plaintiffs and similarly situated employees worked.

d. Defendants all simultaneously benefitted from Plaintiffs' work.

e. Defendants each had functional and/or formal control over the terms and conditions of work of Plaintiffs and similarly situated employees.

f. Plaintiffs and similarly situated employees performed work integral to Corporate Defendants' operation.

45. In the alternative, Defendants functioned together as a single integrated employer of Plaintiffs within the meaning of the FLSA and NYLL.

46. Upon information and belief, Corporate Defendants B & A Contracting of Landmark Inc., and B & A Contracting of NY Inc. are related entities and operate together as a single integrated enterprise. Specifically, both entities are listed under the same address, 88 Knollwood Road, Roslyn, New York, 11576 for service of process. Furthermore, both corporate Defendants are owned and managed by Defendant Kostas Georgiades and are in the business of performing tile installations for various commercial buildings and schools in New

York City.

47.     Upon information and belief, non-exempt workers at B & A Contracting of Landmark Inc., and B & A Contracting of NY Inc. perform the same job duties and are subject to the same employment policies and practices.

48.     Accordingly, all non-exempt employees working at any one Corporate Defendant at a particular instance were simultaneously considered and accounted for as employees of both Corporate Defendants collectively.

## (Corporate Defendants)

### B&A Contracting of Landmark Inc.

49.     B&A Contracting of Landmark Inc. is a domestic corporation formed on November 20, 2013, organized and existing under the laws of the State of New York.

50.     B&A Contracting of Landmark Inc. employs numerous full-time employees and is involved in many commercial projects throughout New York City.

51.     At all relevant times, B&A Contracting of Landmark Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

52.     At all relevant times, B&A Contracting of Landmark Inc. maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that applied to him.

53.     At all relevant times, B&A Contracting of Landmark Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling marble stone imported out of state and distributed in New York. In addition, B&A Contracting of Landmark Inc. conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving

banks and other institutions outside the state of New York.

54.     Upon information and belief, at all relevant times, B&A Contracting of Landmark Inc.'s annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, B&A Contracting of Landmark Inc. was part of an integrated enterprise that had gross volume of sales exceeding $500,000.00.

**B&A Contracting of NY Inc.**

55.     B&A Contracting of NY Inc. is a domestic corporation formed on July 18, 2011, organized and existing under the laws of the state of New York.

56.     Although B&A Contracting of NY Inc. was dissolved on August 31, 2016, it continues to operate and conduct business on a daily basis and is involved in many commercial projects throughout New York City.

57.     At all relevant times, B&A Contracting of NY Inc. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

58.     At all relevant times, B&A Contracting of NY, Inc. maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that applied to them.

59.     At all relevant times, B&A Contracting of NY Inc. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling marble stone imported out of state and distributed in New York. In addition, B&A Contracting of NY Inc. conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving banks and other institutions outside the state of New York.

60.     Upon information and belief, at all relevant times, B&A Contracting of NY, Inc.'s annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii). In the alternative, B&A Contracting of NY Inc. was part of an integrated enterprise that had gross volume of sales exceeding $500,000.00.

**(Individual Defendant)**

**Kostas Georgiades**

61.     Upon information and belief, at all relevant times, Kostas Georgiades ("Georgiades") was the owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendants.

62.     At all relevant times throughout Plaintiffs' employment, Georgiades had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedule; negotiating Plaintiffs' rate of pay; instructing, supervising and training Plaintiffs; and otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

63.     At all relevant times throughout Plaintiffs' employment, Georgiades was actively involved in the day-to-day operations of the Corporate Defendants.

64.     At all relevant times throughout Plaintiffs' employment, Georgiades was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

65.    Pursuant to 29 U.S.C. §§ 203, 206, 207 and 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since October 25, 2013 and through the entry of judgment in this case (the "Collective Action Period") who worked as helpers, stone cutters, masons and all other non-exempt employees (the "Collective Action Members").

66.    A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week.

67.    Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

68.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## <u>FIRST CAUSE OF ACTION</u>

### **Fair Labor Standards Act – Minimum Wages**

69.    Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

70.    At all relevant times, Plaintiffs and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

71.    At all times relevant, Defendants have been employers of Plaintiffs and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

72.    Defendants were required to pay directly to Plaintiffs, and the Collective Action Members, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

73.    Defendants failed to pay Plaintiffs, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

74.    In fact, Defendants did not pay the Plaintiffs at all for their hours worked.

75.    As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

76.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

77.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the Collective Action Members.

78. Defendants failed to post or keep posted conspicuous notices of Plaintiffs' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

79. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

80. Plaintiffs and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

81. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the Collective Action Members.

82. Defendants have failed to pay Plaintiffs and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

83. As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

**THIRD CAUSE OF ACTION**

**New York Labor Law – Minimum Wage**

84.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

85.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

86.     At all relevant times referenced herein, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

87.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs.

88.     From December 31, 2015 onwards, the minimum hourly wage in the State of New York is $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1.

89.     Defendants were required to pay Plaintiffs no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.1.

90.     Through their knowing and intentional failure to pay any wages to Plaintiffs, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 142-2.1.

91.     Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

92.    Defendants' failure to pay Plaintiffs at least at minimum wage was willful within the meaning of NYLL § 663.

93.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

94.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

95.     The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

96.    Defendants have failed to pay Plaintiffs proper overtime which they were entitled to at a wage rate of one and one-half times their regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

97.    Through their knowing or intentional failure to pay Plaintiffs proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

98.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

99.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

100.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

101.    The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

102.    Defendants have failed to pay Plaintiffs spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked a shift exceeding ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

103.    Through their knowing or intentional failure to pay Plaintiffs spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

104.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring

105.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106.   Defendants have failed to provide Plaintiffs at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

107.   Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## SEVENTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

108.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

109.   Defendants have failed to provide Plaintiffs with wage statements listing their rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

110.   Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## EIGHTH CAUSE OF ACTION

### New York State Common Law - Breach of Contract

111.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

112.   An enforceable agreement existed between Plaintiffs and Defendants whereby Plaintiffs agreed to perform work for Defendants and, in turn, be remunerated at a rate of Two Hundred Dollars ($200.00) per daily shift and One Hundred Dollars ($100.00) per nightly shift.

113.   Plaintiffs satisfactorily performed work for Defendants thereby performing fully their obligations under the agreement.

114.   Defendants did not remunerate Plaintiffs at all for all the work they performed at the agreed hourly rate; therefore, Defendants breached the agreement.

115.   As a direct result of Defendants' breach, Plaintiffs sustained damages in an amount to be determined at trial based upon an accounting of the amount Plaintiffs should have been paid as contemplated by their employment agreement with Defendants, with an award of interest, costs, disbursements, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief:

A.   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B.     Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

C.     Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D.     Unpaid minimum and overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL § 198(1-a) and § 663(1);

E.     Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations  of the FLSA pursuant to 29 U.S.C. § 216(b);

F.     An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G.     An award of statutory damages for Defendants' failure to provide Plaintiffs with wage statements pursuant to NYLL § 198 (1-d);

H.     Compensatory damages due to Defendants' breach of contract in an amount to be determined at trial;

I.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J.     If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

K.    An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

L.    An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

M.    An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

N.    Such other relief as this Court shall deem just and proper.

Dated:  Astoria, New York
        October 25, 2016


                              Respectfully submitted,
                              **PARDALIS & NOHAVICKA, LLP**


                    By:    ____/s/Ariadne Panagopoulou_____
                           Ariadne Panagopoulou (AP-2202)
                           *Attorneys for the Plaintiffs*
                           35-10 Broadway, Suite 201
                           Astoria, New York 11106
                           Tel: 718.777.0400 | Fax: 718.777.0599
                           Email:  ari@pnlawyers.com

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

## FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against B & A Contracting of NY Inc., and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 10/06/2016

**Signature**

Ilias Dirian

**Print**

23-54 Steinway St
Astoria, NY

**Address**

347 865 7471

**Telephone**

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

I consent to be a party plaintiff in a lawsuit against _B & A Contracting of NY, Inc._, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 9 /27/2016

_[signature]_
**Signature**

_Koula Nasivas Etrup_
**Print**

_190222 Dr. Astopio, NY 11105_
**Address**

_646-236-5558_
**Telephone**