UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SPIROS NTALIANAS and ILIAS ILYRIAN,
on behalf of themselves and others similarly situated,

                Plaintiffs,

                                                            **REPORT &**
                                                              **RECOMMENDATION**
              -against-                                      CV 16-5934 (ADS)(GRB)

B & A CONTRACTING OF LANDMARK, INC.,
B & A CONTRACTING OF NY INC., and KOSTAS
GEORGIADES, jointly and severally,

                Defendants.
------------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

       On October 25, 2016, plaintiffs Spiros Ntalianas[1] and Ilias Ilyrian, on behalf of themselves and all others similarly situated, (collectively "plaintiffs" or the "named plaintiffs") commenced this putative collective action against defendants B & A Contracting of Landmark, Inc., B & A Contracting of NY, Inc., and Kostas Georgiades, jointly and severally, (collectively "defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") §§ 190 *et seq*, and §§ 650 *et seq*.  *See generally* Compl., DE 1. Defendants failed to appear or otherwise defend in this action, and plaintiffs filed a motion for default judgment on March 24, 2017.  *See* DE 17.  The Honorable Arthur D. Spatt referred the motion to the undersigned for a report and recommendation.  *See* DE 22.

---

[1]In his declaration, Spiros Karkasinas states he was incorrectly named as Spiros Ntalianas.  DE 20.  However, because the Complaint has not been amended to correct this error, the undersigned will refer to plaintiff by the name set forth in the caption of the Complaint.

For the reasons that follow, the undersigned respectfully recommends that plaintiffs' motion for default judgment be denied without prejudice.

## BACKGROUND

Plaintiffs commenced this action against defendants seeking to recover unpaid minimum wages, overtime compensation, spread of hours pay and damages arising from defendants' alleged failure to furnish wage statements and other required documentation, as well as related relief. Compl. ¶¶ 69-110. In addition, plaintiffs seek damages for a New York State breach of contract cause of action arising from their employment. *Id.* at ¶¶ 111-115.

Plaintiffs allege the following facts. Defendants B & A Contracting of Landmark Inc. and B & A Contracting of NY, Inc. (the "corporate defendants") are New York corporations engaged in the construction services business, performing tile installations for commercial buildings and schools. *Id.* at ¶¶ 49-60. Defendant Kostas Georgiades is the owner, principal, authorized operator, manager, and shareholder of the corporate defendants and exercises complete control over these entities. *Id.* at ¶¶ 61-64. The two corporate defendants are a joint enterprise, utilizing plaintiffs in an interchangeable manner as employees through the unified operation and control of defendant Kostas Georgiades. *Id.* at ¶¶ 44-48. Plaintiff Spiros Ntalianas was employed as a mason by defendants to perform tile installations in commercial buildings and schools in the month of August 2016. *Id.* at ¶¶17-20. Plaintiff Ilias Ilyrian was similarly employed by defendants as a mason for approximately two weeks in August 2016. *Id.* at ¶¶ 30-36.

Defendants regularly required plaintiffs to perform work in excess of forty hours per week without paying them all of their regular or overtime wages or any spread of hours pay. *Id.*

at ¶¶ 1, 17 -19, 33-35.  In addition, defendants failed to provide them with wage statements detailing dates worked, money received and other employers' details or notices containing the rate and basis of pay, the designated pay date and employers' name, address and telephone number.  *Id.* at ¶¶ 22-23, 38-39.  During plaintiffs' employment, defendants did not post notices explaining the minimum wage rights of employees under the FLSA and NYLL.  *Id.* at ¶¶ 35, 40.

Although the Complaint contains collective action allegations, *id.* at ¶¶ 8, 65-68, plaintiffs have not moved for certification under § 216(b) of the FLSA.  Nonetheless, two former employees of defendants, Aristides Ntalianis and Argiris Ntalianis, filed Consents to Join forms to become party plaintiffs in this action.  DE 2-3.  There is no evidence that these consent forms were served on defendants.  Defendants failed to appear or defend in this action.  On February 3, 2017, plaintiffs requested a certificate of default as to the defendants, DE 13, and on February 7, 2017, the Clerk of the Court noted defendants' defaults.  DE 15.  Plaintiffs now move for default judgment against defendants on behalf of Spiros Ntalianas, Ilias Ilyrian, Aristides Ntalianis and Argiris Ntalianis.  *See* DE 17.

## DISCUSSION

### I.     Default Judgment Standard

Federal Rule of Civil Procedure ("Rule") 55 "provides a two-step process for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal quotation marks and citation omitted).  Pursuant to Rule 55(a), the Clerk of the Court first enters a default against a defendant by noting the defaulting party's failure to plead or "otherwise defend."  Fed. R. Civ. P. 55(a).  Second, after the Clerk of the Court enters this

default, if the party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the Court may enter a default judgment. Fed. R. Civ. P. 55(b). In determining whether a default judgment should be entered, "the Second Circuit has cautioned that a default judgment is an extreme remedy that must remain a weapon of last, rather than first resort." *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-04760 (CBA)(CLP), 2013 WL 6021668, at *3 (E.D.N.Y. Nov. 13, 2013) (internal quotation marks and citation omitted). In view of the "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored" and any doubts should be resolved in favor of the defaulting party. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993); *see Ferrara v. Stallone Testing Labs., Inc.*, No. 10 CV 901 (ENV), 2011 WL 3847123, at *2 (E.D.N.Y. Aug. 5, 2011).

"It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations in the complaint," except for those relating to damages.[2] *Mickalis Pawn Shop, LLC*, 645 F.3d at 137; *see Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "Although all well-pleaded allegations are deemed to have been admitted upon a default, that does not necessarily mean that liability as a matter of law has been sufficiently pled by the plaintiff." *Chudomel v. Dynamic Recovery Servs., Inc.*, No. 12-CV-5365 (NGG)(RLM), 2013 WL 5970613, at *6 (E.D.N.Y. Nov. 8, 2013); see *Mickalis Pawn Shop, LLC*, 645 F.3d at 137 n.23 ("a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief"); *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (same). A

---

[2]If the allegations in the complaint suffice to establish liability, the court then conducts an inquiry to determine the amount of damages to a "reasonable certainty." *Bounty Fresh, LLC v. J N.Y. Produce, Inc.*, No. 12-CV-2415 (FB)(JO), 2014 WL 1010833, at *2 (E.D.N.Y. Mar. 14, 2014); *see Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Import and Export Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013) (summary order). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "Accordingly the Court must determine whether the well-pleaded allegations in the Complaint, admitted by [d]efendants on this motion, are sufficient to establish liability for the claimed causes of action." *Broadcast Music, Inc. v. Pamdh Enters., Inc.*, No. 13-CV-2255 (KMW), 2014 WL 2781846, at *2 (S.D.N.Y. June 19, 2014) (internal quotation marks and citation omitted).

## II.  Liability

### A.  FLSA Jurisdictional Prerequisite

The FLSA provides that

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours specified at a rate of not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). That is, the provisions of the FLSA only apply to employees who were (1) "employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce ('enterprise coverage')," or (2) "personally engaged in interstate commerce or in the production of goods for interstate commerce ('individual coverage')." *Shim v. Millennium Group*, No. 08-CV-4022 (FB)(VVP), 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009) (internal quotations and citations omitted). Thus, as a threshold matter, "a plaintiff in an

5

FLSA action must establish the jurisdictional prerequisite of either enterprise or individual coverage." *Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. CV 2012-1264 (CBA)(MDG), 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014), *adopted by,* 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014); *see also Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000) ("Interpretation of the FLSA [presents] a federal question and determines the court's jurisdiction over the current case"). The corporate defendants in the instant matter qualify as an enterprise entity.

In order to qualify as an enterprise within the meaning of the FLSA, the employer must be an entity that

> [1] has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and [2] . . . whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A). Moreover, where, as here, plaintiffs seek to impose liability against two defendant corporations for the same labor, they must establish that the two entities were a joint "enterprise," a requisite element for imposing liability against two defendant corporations under the FLSA, *see* 29 U.S.C. § 203(r)(1) (defining an "enterprise" as the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose"); *see also Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 518 (1973) (explaining "the three main elements of the statutory definition of 'enterprise':  related activities, unified operation or common control, and common business purpose"), and under the NYLL, *see Juarez v. Precision Apparel, Inc.,* No. 12-CV-2349 (ARR) (VMS), 2013 WL 5210142, at *8 (E.D.N.Y. Sept. 13, 2013) ("[c]ourts use the same tests to determine joint

employment under both the NYLL and the FLSA") (internal quotation marks and citations omitted).

Inasmuch as the Complaint alleges that (1) defendants' construction services business was directly engaged in interstate commerce and had annual gross revenues in excess of $500,000 during the relevant periods, DE 1, ¶¶ 44-64, and (2) that the corporate defendants were a joint enterprise, utilizing plaintiffs in an interchangeable manner as employees through the unified operation and common control of defendant Kostas Georgiades, plaintiffs have satisfied the jurisdictional prerequisite that defendants' businesses were a joint enterprise engaged in commerce for FLSA purposes. *See Hernandez v. Punto Y Coma Corp.*, No. 10 CV 3149 (NGG) (RML), 2013 WL 4875074, at *2 n.4 (E.D.N.Y. Sept. 11, 2013) (concluding that factual assertions in the complaint that "defendants' business was directly engaged in interstate commerce and had annual gross revenue of at least $500,000" which were not refuted by defendants were sufficient to satisfy the jurisdiction prerequisite); *see also Brennan*, 410 U.S. at 518.

### B. Motion for Default Judgment as to Aristides Ntalianis and Argiris Ntalianis

As a preliminary matter, Aristides Ntalianis and Argiris Ntalianis have moved for default judgment in reliance on their status as opt-in plaintiffs. The Complaint is styled as a "FLSA Collective Action Complaint," DE 1, and Aristides Ntalianis and Argiris Ntalianis filed Consent to Join forms purporting to join this action as opt-in plaintiffs. However, neither Aristides Ntalianis nor Argiris Ntalianis are named in the Complaint, and there is no evidence that the consent forms were ever served on defendants. While the Complaint contains collective action allegations, DE 1, ¶¶ 8, 65-68, plaintiffs have not moved for certification of their FLSA claims as

7

a collective action pursuant to 29 U.S.C. §216(b).

In FLSA actions, "[c]ourts have expressed concern about whether opt-in plaintiffs are entitled to default judgment based on a complaint in which they are not named, but wherein the intent to proceed as a collective action is clear." *Charvac v. M & T Project Managers of New York, Inc.,* No. 12-CV-5637 (CBA) (RER), 2013 WL 6711485, at *3 (E.D.N.Y. Dec. 18, 2013) (citation omitted); *see also Noboa v. Toron Restoration Corp.,* No. 14-CV-730, (ARR) (CLP), 2015 WL 1672815, at *4-5 (E.D.N.Y. Mar. 26, 2015). Without service of an amended complaint upon defendants that incorporates the underlying factual allegations of the opt-in plaintiffs sufficient to support a finding that their claims are plausible, there is no legal basis upon which to enter a default judgment or to award damages, attorney's fees and costs to the opt-in plaintiffs. *See Bhagwat v. Queens Carpet Mall, Inc.,* No. 14-CV-5474 (ENV) (PK), 2017 WL 1365121, at *5 (E.D.N.Y. Mar. 10, 2017), *adopted by* 2017 WL 1376372 (E.D.N.Y. Apr. 11, 2017); *see also Noboa*, 2015 WL 1672815, at *4-5; *Charvac*, 2013 WL 6711485, at *3. Hence, in circumstances such as here, "courts have required the plaintiff to amend the complaint to include those individuals who have consented to join the action and to serve the amended complaint upon the defendant." *Bhagwat*, 2017 WL 1365121, at *5 (citations omitted); *see Charvac*, 2013 WL 6711485, at *3.

Accordingly, the undersigned respectfully recommends that the motion for default judgment as to Aristides Ntalianis and Argiris Ntalianis be denied without prejudice. Should plaintiffs wish to amend the Complaint to add the individuals who have consented to join this action, the undersigned further recommends that plaintiffs be permitted to file a proposed amended complaint setting forth sufficient facts and details regarding the claims of Aristides

8

Ntalianis and Argiris Ntalianis and serve such amended complaint upon defendants. If, at the time, defendants do not respond to the amended complaint, plaintiffs may move for default and the Court could then consider a motion for default judgment on the amended complaint. *See id.*

### C. Motion for Default Judgment as to Spiros Ntalianas and Ilias Ilyrian's

Based upon an examination of the Complaint and motion papers, the named plaintiffs, Spiros Ntalianas and Ilias Ilyrian, have demonstrated that the uncontroverted allegations, without more, sufficiently allege violations of the FLSA and NYLL. Nevertheless, where, as here, "[w]hen courts have denied motions for default judgment by FLSA opt-in plaintiffs without prejudice and allowed for amendment of the complaint, those courts have also deferred granting default judgment to the original plaintiff[s] until after the opt-in plaintiffs are formally joined and the defendants have been duly served with the amended complaint." *Bhagwat*, 2017 WL 1365121, at *5; *see also Noboa*, 2015 WL 1672815, at *5; *Charvac*, 2013 WL 6711485, at *3; *cf. Hosking v. New World Mortg., Inc.,* No. 07-CV-2200 (MKB) (ARL), 2013 WL 5132983, at *6-7 (E.D.N.Y. Sept. 12, 2013). These courts "follow the reasoning that it is unclear whether the [c]ourt could continue to adjudicate the FLSA collective action after granting [p]laintiff[s] default judgment [because] [a]n entry of default judgment is a form of final relief that may trigger the mootness doctrine and bar plaintiff from continuing as class representative in the FLSA collective action." *Bhagwat*, 2017 WL 1365121, at *5; *see Noboa*, 2015 WL 1672815, at *5; *Charvac*, 2013 WL 6711485, at *3. Thus, at this juncture, the undersigned recommends against granting default judgment only in favor of Spiros Ntalianas and Ilias Ilyrian, as entry of default judgment now in favor of the named plaintiffs "may trigger the mootness doctrine" and foreclose the opt-in plaintiffs' ability to amend and recover damages. *See id.*

Accordingly, the undersigned respectfully recommends that plaintiffs Spiros Ntalianas and Ilias Ilyrian's motion for default judgment be denied without prejudice to renewal, until after an amended complaint naming the individuals who consented to join the action is filed and served, presuming defendants fail to timely respond, and subject to the same conditions set forth above for consideration of a renewed motion for default judgment.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to plaintiffs' counsel via ECF. Furthermore, the Court directs plaintiffs 1) to serve copies of this Report and Recommendation by overnight mail and first class mail to defendants at the last known address, and 2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
February 26, 2018

    /s/ Gary R. Brown
GARY R. BROWN
United States Magistrate Judge