# Report and Recommendation Upon Referral of a Renewed Motion for Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number:   ***Aristides Ntalianis, Argiris Ntalianis, Spiros Karkasinas, Ilias Ilyrian v. B & A Contracting of Landmark, Inc., B & A Contracting of NY Inc., and Kostas Georgiades,*** **No. 16-CV-5934 (ADS)(GRB).**

Having reviewed all of the moving papers, I hereby find as follows:

### Service of Process and Default

X  The record reflects that proper service was made on defendants.  [DE 32-34].

X  According to the record, no answer, motion or other appearance was filed on behalf of defendants.

X  The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a).  [DE 37].

### Liability

The defaults of defendants B & A Contracting of Landmark, Inc., B & A Contracting of NY Inc., and Kostas Georgiades' (collectively "defendants") constitute "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co*., 373 F.3d 241, 244 (2d Cir.2004).   Nevertheless, the court is "required to determine whether the [plaintiffs'] allegations establish [defendants'] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009). Based upon an examination of the First Amended Complaint (hereinafter "Amended Complaint") and motion papers, I find that plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the defendants' liability on the following causes of action:

**The Second Cause of Action under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation;[1] Fourth, Sixth, and Seventh Causes of Action under the New York Labor Law ("NYLL")**

---

[1] The FLSA requires employers to pay overtime compensation for employees who work over forty hours per week, *see* 29 U.S.C. §§ 206(a), 207(a); *Nakahata v. New York Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013), and provides a right of action to recover unpaid overtime compensation and liquidated damages from an employer who violates the Act's provisions, *see id.* § 216(b).  Similarly, the NYLL mandates an overtime compensation scheme.  *See* N.Y. Lab. Law § 650 et seq; *see also Dejesus v. HF Mgmt. Servs., LLC,* 726 F. 3d 85, 89 n.5 (2d Cir. 2013) (holding the relevant portions of the NYLL mirrors the FLSA in most respects).  As to overtime compensation, the FLSA and NYLL require employers to compensate employees who work over forty hours per week with overtime pay "at the rate of no less than one and one-half times the regular rate of pay."  *Nakahata,* 723 F.3d at 200 (citing 29 U.S.C. §§ 207(a)(1)); *see Jaramillo v. Banana King Rest. Corp.,* No. 12-CV-5649 (NGG)(RML), 2014 WL 2993450, at *4 (E.D.N.Y. July 2, 2014 (citing 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs., tit. 12 § 146-1.4)).  In order to establish liability under the FLSA or NYLL for overtime pay, an employee must provide "sufficient factual information for the court to determine that in a particular week the plaintiffs both worked more than 40 hours and the defendant failed to pay overtime wages."  *See Kuck v. Planet Home Lending, LLC,* No. 2:17-cv-o4769 (ADS) (GRB), 2018 WL 6437065, at *4 (E.D.N.Y. Dec. 7, 2018); *see also Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011).  Here, plaintiffs have sufficiently alleged claims against defendants for overtime wages under the FLSA and NYLL. Amended Compl. ¶¶ 12-79.

for  (i) unpaid overtime compensation, (ii) violation of the notice and recordkeeping requirements,[2] and (iii) violation of the wage statement requirements;[3] and Eighth Cause of Action under New York State Law for breach of contract.  Amended Compl. ¶¶ 118-21, 130-35, 141-51, DE 28.  However, because none of the plaintiffs allege that they worked at a rate below the minimum wage requirement, their First, Third and Fifth Causes of Action under the FLSA and NYLL for minimum wage violations under the FLSA, minimum wage violations under the NYLL, and spread of hours pay under the NYLL, respectively, are not viable.[4]

   Accordingly, the undersigned respectfully recommends that plaintiffs' motion for entry of default judgment against defendants[5] be granted with respect to the Second, Fourth, Sixth, Seventh and Eighth Causes of action.

---

[2] Section 195(1) of the NYLL, as amended, requires that "every employer shall provide their employees, at the time of hiring a notice containing information about rates of pay."  *Guaman v. Krill Contracting, Inc.,* No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *4 n.5 (E.D.N.Y. 2015) (quoting N.Y. Lab. Law § 195(1)(a)).  Plaintiffs have alleged that defendants failed to post such notice.  Amended Compl. ¶ 32.

[3] Section 195(3) of the NYLL, as amended, requires that employers "furnish each employee with a statement with every payment of wages."  N.Y. Lab. Law § 195(3).  "For all employees who are not exempt from overtime compensation . . . the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."  *Id.*; *see also Guaman,* 2015 WL 3620364, at *5.  Plaintiffs have alleged that defendants failed to provide wage statements to the plaintiffs.  Amended Compl. ¶ 145

[4] Section 206 of the FLSA sets forth a minimum hourly wage employers must pay their employees who engage in work affecting interstate commerce.  29 U.S.C. § 206(a)(1)(C).  The federal minimum wage as set by the FLSA was $7.25 an hour for all times relevant to this litigation.  *Id.*  Similarly, the NYLL requires employers to pay a minimum hourly wage to employees, which was $9.00 an hour for the relevant period.  N.Y. Lab. Law § 652.  Plaintiffs allege that the agreed upon regular rate of pay was $25.00 per hour.  Amended Compl. ¶ 4, DE 28; *see* DE 39 at 16.  Thus, defendants did not violate the minimum wage provisions.  In addition, under the NYLL, an employee must "receive one hour's pay at the basic minimum hourly wage rate" in addition to the regular minimum wage for each workday "in which the spread of hours exceeds 10 hours.  12 NYCCRR § 142-3.4(a).  An award for "spread of hours" pay for non-restaurant or hotel workers, however, is appropriate only when the employee is paid minimum wage.  *See Chowdhury v. Hamza Express Food Corp.,* No. 14-CV-150 (JBW) (RLM), 2015 WL 5541767, at *6 (E.D.N.Y. Aug. 21, 2015), *adopted by,* 2015 WL 5559873 (E.D.N.Y. Sept. 17, 2015) (employees making in excess of minimum wage are not entitled to spread of hours payments).   Inasmuch as plaintiffs allege they were paid above the minimum wage during their employment with defendants, they are not entitled to an award of spread of hours pay.

[5] Plaintiffs have sufficiently alleged that defendants B & A Contracting of Landmark, Inc., B & A Contracting of NY Inc., and Kostas Georgiades were his employers for purposes of the FLSA and the NYLL.  *See* Amended Compl. ¶¶ 82-86, DE 28.  As such, each defendant is jointly and severally liable under the FLSA and NYLL for any damages award made in plaintiffs' favor.  *See Pineda v. Masonry Constr., Inc.,* 831 F. Supp. 2d 666, 685 (S.D.N.Y. 2011) (allegations that an individual defendant "was an owner, partner, or manager," coupled with his default, was sufficient to quality him as an FLSA and a NYLL employer, and to

**Damages:**

"Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages." *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009). To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Natale v. Country Ford Ltd.*, No. CV 10-4128 (ADS) (GRB), 2014 WL 4537501, at *4 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence alone, "as long as [the court has] ensured that there was a basis for the damages specified in [the] default judgment." *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *see Chen v. JP Standard Construction Corp.,* No. 14-CV-1086 (MKB) (RLM), 2016 WL 2909966, at *8 (E.D.N.Y. Mar. 18, 2016), *adopted by,* 2016 WL 2758272 (E.D.N.Y. May 12, 2016). Where, as here, defendants have defaulted and have deprived plaintiffs of the necessary employment records and hampered their ability to prove damages, the Court may rely upon plaintiffs' testimony and estimates regarding their employment to calculate damages. *See Rodriguez* , 784 F. Supp. 2d at 126 ("In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimation of hours worked are presumed to be correct"); *accord Becerra v. Well Maid Cleaning Enterprises, Inc.*, No. CV-14-3147 (JFB) (AYS), 2015 WL 5009274, at *5 (E.D.N.Y. Aug. 21, 2015).

Here, plaintiffs Argiris Ntalianis and Ilias Ilyrian have not provided any affidavits, declarations or other documentary evidence in support of their specific claims for damages, except for the Amended Complaint and Declaration of their attorney. Although plaintiff Aristides Ntalianis' declaration references Argiris Ntalianis estimates regarding his son's employment, DE 42, this is insufficient to prove his son's damages. Thus, without the requisite documentary evidence for plaintiffs Argiris Ntalianis and Ilias Ilyrian, the Court cannot be ensured that there was a basis for the damages specified in the default judgments. *Transatlantic Marine Claims Agency, Inc.,* 109 F.3d at 111; *see United States v. Linn,* No. 10-CV-5289 (KAM), 2011 WL 2848208, at * (E.D.N.Y. July 14, 2011) ("The Second Circuit has held that allegations in a complaint and the affidavit of plaintiff's counsel, asserting an amount of damages sustained by plaintiff . . . [were] insufficient evidence upon which to enter the amount of the judgment") (internal quotation marks and citation omitted).

**Accordingly, the undersigned respectfully recommends that plaintiffs Argiris Ntalianis' and Ilias Ilyrian's motion for an award of damages be denied, with leave to renew upon the submission of the proper evidentiary support and consistent with this report**.

On the other hand, the submissions and declarations of plaintiffs' Spiros Karkasinas and Aristides Ntalianis sufficiently document their claims for damages. *See* DE 41-42; *see also* DE 40. Based upon a review of declarations and documentary evidence, I find that plaintiffs Spiros Karkasinas and Aristides Ntalianis have established damages in the following amount(s):

---

impose joint and several liability with corporate defendant for wage law violation); *see also Rodriguez v. Almighty Cleaning, Inc.,* 784 F. Supp. 2d 114, 126 (E.D.N.Y. 2011). Accordingly, the undersigned respectfully recommends that defendants be jointly and severally liable for any damages awarded in the respective plaintiffs' favor.

☑ **Principal Damages** [DE 40]

    **(a)**    **Plaintiff Spiro Karkasinas**

| | | |
|---|---|---|
| 1. | Unpaid Wages: | $ 8,812.50[6] |
| 2. | Overtime wages: | $ 3,937.50[7] |
| 3. | Prejudgment interest: | $ 1,147.50[8] |
| 4. | Liquidated damages: | $ 9,796.88[9] |

---

[6]The FLSA and NYLL both guarantee "compensation for all work . . . engaged in by [covered] employees." *Kuebel v. Black & Decker, Inc.,* 643 F.3d 352, 359 (2d Cir. 2011). Moreover, "[d]istrict courts in this Circuit have permitted plaintiffs to proceed on such breach of contract claims for straight wages in conjunction with FLSA and NYLL overtime claims." *Mendez v. U.S. Nonwovens Corp.,* 2 F. Supp. 3d 442, 454-55 (E.D.N.Y. 2014) (citations omitted). Plaintiffs Sprio Karkasinas and Aristides Ntalianis submitted sworn declarations, DE 41-42; *see* 40, Ex. F, regarding the terms of the oral employment agreement which are presumed correct. *See Schlamowitz v. Tirado,* No. 12 CV 504 (CLP), 2014 WL 4199711, at *4-5 (E.D.N.Y. Aug. 22, 2014) (observing that where the contracted services can be performed within one year of its formation, New York law recognizes the existence of such an oral contracts); *see Singh v. Adam Builder Corp.,* No. 18-cv-1059 (BMC), 2018 WL 2198760, at *1 (E.D.N.Y. May 14, 2018) (recognizing the existence of oral employment agreement).

[7] The FLSA and the NYLL both require employers to compensate their employees at one and one-half times their regular hourly rate for every hour worked over 40 hours per week. *See* 29 U.S.C. § 207(a)(1); 12 NYCCRR § 142-2.2; *see Nakahata ,* 723 F.3d at 200 (noting that the NYLL largely adopts the same standard as the FLSA with respect to overtime compensation). Courts have held that where the FLSA and common law claims are grounded in the same facts, the FLSA preempts "claims directly covered by the FLSA (such as overtime)." *Hernandez v. NJK Contractors, Inc.,* No. 09-CV-4812 (RER), 2015 WL 1966355, at *50 (E.D.N.Y. May 1, 2015); *see DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.,* 770 F. Supp. 2d 497, 532-33 (E.D.N.Y. 2011); *see also Acevedo v. WorkFit Med. LLC,* No. 14-CV-6221 (EAW), 2014 WL 4659366, at *14 (W.D.N.Y. Sept. 18, 2014). Here, plaintiffs Sprio Karkasinas and Aristides Ntalianis claim damages for unpaid overtime compensation from July 18, 2016 to September 18, 2016. Plaintiffs Sprio Karkasinas and Aristides Ntalianis submitted sworn declarations regarding the recollection and estimation of hours worked, which are presumed correct. DE 41-42; *see* 40, Ex. F. *See Rodriguez,* 784 F. Supp. 2d at 126; *accord Becerra,* 2015 WL 5009274, at *5.

[8]"While pre-judgment interest may not be awarded in addition to liquidated damages for violations of the FLSA, . . . the Second Circuit has awarded pre-judgment interest for violations of state wage laws." *Hernandez v. NJK Contractors, Inc.,* No. 09-CV-4812 (RER), 2015 WL 1966355, at *50 (E.D.N.Y. May 1, 2015) (citations omitted). Pre-judgment interest is calculated at a rate of nine percent per annum on unpaid wages, including unpaid overtime, and excludes the amount of liquidated damages. *See* N.Y.C.P.L.R. §§ 5001, 5004 (statutory rate of interest is at a rate of nine percent per annum); *see Zurita v. High Definition Fitness Center, Inc.,* 13 CV 4394 (CBA) (RML), 2016 WL 3636020, at *9 (E.D.N.Y. June 29, 2016), *adopted by,* 2016 WL3619527 (E.D.N.Y. June 9, 2016) (although the NYLL permits an award of both liquidated damages and pre-judgment interest, "[p]re-judgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law"). Plaintiffs erroneously included liquidated damages in their NYLL prejudgment interest calculations. See DE 40-6.

[9] Both the FLSA and NYLL allow for payment of liquidated damages absent a good faith reason that the employer's underpayment was in compliance with the law. *See Fermin v. Las Delicias Peruanas Rest., Inc.,* 93 F. Supp. 3d 19, 47-48 (E.D.N.Y. 2015) (under the FLSA an employee is entitled to liquidated damages in

|   | 5. | NYLL wage notice penalty: | $ 2,250.00[10] |
|---|---|---|---|
|   | 6. | NYLL wage statement penalty: | $ 5,000.00[11] |
|   |   | **Total Principal Damages:** | **$ 30,944.38** |

**(b)  Plaintiff Aristides Ntalianis**

|   | 1. | Unpaid wages: | $ 6,812.52 |
|---|---|---|---|
|   | 2. | Overtime wages: | $ 3,937.50 |
|   | 3. | Prejudgment interest: | $ 967.50 |
|   | 4. | Liquidated damages: | $ 7,796.90 |
|   | 5. | NYLL wage notice penalty: | $ 2,250.00 |
|   | 6. | NYLL wage statement penalty: | $ 5,000.00 |
|   |   | **Total Principal Damages:** | **$ 26,764.42** |

**TOTAL DAMAGES:**                                              **$ 57,708.80**

☑ Attorneys' Fees (see Appendix A)                    $ 11,509.75

☑ Costs (see Appendix A)                                   $     938.00

**TOTAL JUDGMENT:**                                       **$ 70,156.55**

---

an amount equal to the unpaid overtime compensation owed; under the NYLL an employee is entitled to recover 25% of unpaid overtime as liquidated damages, and effective April 9, 2011, an additional 100% of unpaid wages); *see also* 29 U.S.C. § 216(b); NYLL § 198(1-a).   Here, defendants have not appeared nor have established good faith to rebut the liquidated damages' presumption.   In their damages calculations, plaintiffs Spiros Karkasinas and Aristides Ntalianis seek liquidated damages under the NYLL. Thus, the undersigned assesses the appropriate amount  for plaintiff Karkasinas under the NYLL by calculating the amount at the 25% rate for unpaid overtime compensation owed (25% of $3937.50 or $984.38) plus 100% rate for unpaid wages owed (100% of $8,812.50) for a total of $9,796.88.  The undersigned assesses the appropriate amount of liquidated damages for plaintiff Aristides Ntalianis under the NYLL by calculating the amount at the 25% rate for unpaid overtime compensation owed (25% of $3937.50 or $984.38) plus 100% rate for unpaid wages owed (100% of $6,812.52) for a total of $7,796.90.*See* DE 41-42; 40, Ex. F.

[10]Since 2015, Section 195(1) provides that employees are entitled to recover wage-notice statutory damages of $50 for each work day that the violations occurred or continue to occur, not to exceed $5,000.  N.Y. Lab. Law § 195(3).  Plaintiffs Spiros Karkasinas and Aristides Ntalianis each assert they worked 45 days.  DE 41-42; 40, Ex. F.

[11]Since 2015, Section 195(3) provides that employees are entitled to recover wage-statement statutory damages of $250 for each work day that the violations occurred or continue to occur, not to exceed $5,000.  N.Y. Lab. Law § 195(3).  Plaintiffs Spiros Karkasinas and Aristides Ntalianis each assert they each worked 45 days.  DE 41-42; 40, Ex. F.

*Conclusion*

Based on the foregoing, the undersigned respectfully recommends that the Court award (1) principal damages (a) to plaintiff Spiro Karkasinas in the amount of $30,944.38, and (b) to plaintiff Aristides Ntalianis in the amount of $26,764.42; (2) attorneys' fees in the amount of $11,509.75; and (3) costs in the amount of $938.00, for a total award in the amount of $70,156.55.  In addition, the undersigned respectfully recommends that plaintiffs Argiris Ntalianis' and Ilias Ilyrian's motion for an award of damages be denied, without prejudice to a renewal upon the submission of the requisite evidentiary support.

*Objections*

A copy of this Report and Recommendation is being electronically served on plaintiffs' counsel via ECF.  The Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at their last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Mejia v. Roma Cleaning, Inc.,* No, 17-3446, 2018 WL 4847199, at *1 (2d Cir. 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under *de novo* or any other standard, when neither party objects to those findings").  This is especially true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Mejia*, 2018 WL 4847199, at *1.

/s/ Gary R. Brown

February 27, 2019

GARY R. BROWN, United States Magistrate Judge

Date

## Appendix A to Report and Recommendation Upon Referral of an Inquest: Attorneys' Fees and Costs

Whereas reasonable attorneys' fees and costs are provided under both the FLSA and the NYLL, *See* 29 U.S.C. § 216(b); NYLL § 198 (1-a), as supported by contemporaneous time records specifying relevant dates, time spent, and work done, *Marion S. Mishkin Law Office v. Lopalo,* 767 F.3d 144, 148 (2d Cir. 2014); *see Rodriguez v. Solares Corp.*, No. 16-CV-3922 (CBA) (SMG), 2018 WL 7252949, at *9 (E.D.N.Y. Aug. 14, 2018), *adopted by,* 2019 WL 486883 (Feb. 7, 2019),  having reviewed the submissions, I find the following represents reasonable attorneys' fees and costs in this matter:

**Attorneys' Fees [DE 40 , Ex. G]**

| Provider Type | Presumptive Maximum Rate[12] | Requested Rates | Approved Rate | Requested Hours[13] | Approved Hours | Lodestar |
|---|---|---|---|---|---|---|
| Associate | $100-$300 | $275 | $275 | 43.40[14] | 40.97 | $  11,266.75 |
| Paralegal | $  70-$100 | | $100 | | 2.43 | 243.00 |
| **Total** | | | | | 43.40 | **$  11,509.75** |

**Costs [DE 40, Ex. G][15]**

| Item (specify each) | Costs |
|---|---|
| Filing Fee | $400.00 |
| Service Fees | $538.00 |
| **Total** | **$938.00** |

---

[12] *Rodriguez*, 2018 WL 7252949 at *9 ("Courts in Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100-$300 per hour for associates, and $70 to $100 per hour for paralegals"); *see Singh,* 2018 WL 2198760, at *2 (approving $275 per hour for associate in an FLSA/NYLL default motion).

[13] *Rodriguez*, 2018 WL 7252949 at *9 ("In similar wage-and-hour cases where a motion for default judgment immediately followed filing of a complaint, the high end of hours spent on cases . . . is no more than 55 hours total.").

[14] Certain entries counsel entered at his attorney rate was for work that was non-legal in nature and could have been completed by his paralegal.  *See* DE 40, Ex. G (These entries include, *inter alia*,  filing affidavits of service; filing complaint, summons, civil cover sheet; filing amended summons; refiling summons; filing request to enter default, certificate of default and affirmation of default; calendaring dates; and scanning and uploading retainer and consent to join documents).  Courts routinely make an adjustment for time expended by attorneys performing paralegal, clerical or administrative tasks.  *See E. S. v. Katonah-Lewisboro Sch. Dist.,* 796 F. Supp. 2d 421, 431 (S.D.N.Y.), *aff'd* 487 F. App'x 619 (2d Cir. 2012). Thus, the clerical and non-legal entries, *viz.* 2.43 hours of work, should be billed at the paralegal rate of $100 per hour instead of the attorney rate.  *See, e.g., Thompson v. Rising Star Beauty Salon Inc.,* No. 15-CV-3716 (RRM) (RER), 2016 WL 9583995, at *6 (E.D.N.Y. Dec. 23, 2016).

[15] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees); *see Gesualdi v. Seacoast Petroleum Prods., Inc.*, 97 F.  Supp. 3d 87, 109 (E.D.N.Y. 2015) ("costs" generally include service fees); *see Singh,* 2018 WL 2198760, at *2 (finding costs for filing fees and service fees reasonable).