# Default Judgment

Case Name and Docket Number:  **Aristides Ntalianis, Argiris Ntalianis, Spiros Karkasinas, Ilias Ilyrian v. B & A Contracting of Landmark, Inc., B & A Contracting of NY Inc., and Kostas Georgiades,** **No. 16-CV-5934 (ADS)(GRB).**

Before the undersigned is a renewed motion for an award of damages filed by plaintiffs Argiris Ntalianis and Ilias Ilyria[1], following the entry of default against defendants on the following causes of action:  The Second Cause of Action under the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation;[2] Fourth, Sixth, and Seventh Causes of Action under the New York Labor Law ("NYLL") for

---

[1] On October 25, 2016, plaintiffs Spiros Ntalianas and Ilias Ilyrian commenced this putative collective action against their former employers, defendants B&A Contracting of Landmark, Inc., B&A Contracting of NY, Inc., and Kostas Georgiades ("defendants"), alleging violations of the FLSA and NYLL and seeking to recover allegedly unpaid minimum wages, overtime wages, spread-of-hours pay, and damages arising from the defendants' alleged failure to furnish wage statements and other required documentation, and a New York State cause of action for breach of contract.  DE 1.  On February 7, 2017, after defendants failed to file an answer to the complaint or otherwise appear in this action, the Clerk of the Court noted their default.  DE 15.  The plaintiffs filed a motion for default judgment which was referred to the undersigned on March 24, 2017.  In a Report and Recommendation dated February 26, 2018, the undersigned recommended that the motion for default judgment be denied without prejudice to renewal after plaintiffs file and serve an amended complaint naming the individuals who consented to join the action, which the district court adopted on March 31, 2018.  DE 26, 31.  On June 4, 2018, The Clerk of the Court noted an entry of default after defendants failed to answer or otherwise appear in this action after service of the amended complaint, and plaintiffs filed a renewed motion for default judgment, which was referred to the undersigned.  DE 37-43.  In a Report and Recommendation dated February 27, 2019, the undersigned recommended that (1) principal damages be awarded to plaintiff Spiro Karkasinas in the amount of $30,944.38 and to plaintiff Aristides Ntalianis in the amount of $26,764.42; (2) attorneys' fees in the amount of $11,509.75; and (3) costs in the amount of $938.00, for a total award in the amount of $70,156.55.  DE 44.  In addition, the undersigned recommended that plaintiffs Argiris Ntalianis' and Ilias Ilyrian's motion for an award of damages be denied, without prejudice to a renewal upon the submission of the requisite evidentiary support.  *Id.*  The District Court adopted the Report and Recommendation on March 22, 2019.  DE 49.  The prior Reports and Recommendations and Adoption Orders are incorporated herein.  Moreover, because the undersigned became a United States District Court Judge on January 6, 2020, rather than issuing a Report and Recommendation, the Court is issuing this Default Judgment to conserve judicial resources.

[2] The FLSA requires employers to pay overtime compensation for employees who work over forty hours per week, s*ee* 29 U.S.C. §§ 206(a), 207(a); *Nakahata v. New York Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 200 (2d Cir. 2013), and provides a right of action to recover unpaid overtime compensation and liquidated damages from an employer who violates the Act's provisions, s*ee id.* § 216(b).  Similarly, the NYLL mandates an overtime compensation scheme.  *See* N.Y. Lab. Law § 650 et seq; *see also Dejesus v. HF Mgmt. Servs., LLC,* 726 F. 3d 85, 89 n.5 (2d Cir. 2013) (holding the relevant portions of the NYLL mirrors the FLSA in most respects).  As to overtime compensation, the FLSA and NYLL require employers to compensate employees who work over forty hours per week with overtime pay "at the rate of no less than one and one-half times the regular rate of pay."  *Nakahata,* 723 F.3d at 200 (citing 29 U.S.C. §§ 207(a)(1)); *see Jaramillo v. Banana King Rest. Corp.,* No. 12-CV-5649 (NGG)(RML), 2014 WL 2993450, at *4 (E.D.N.Y. July 2, 2014 (citing 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs., tit. 12 § 146-1.4)).  In order to establish liability under the FLSA or NYLL for overtime pay, an employee must provide "sufficient factual information for the court to determine that in a particular week the plaintiffs both worked more than 40 hours and the defendant failed to pay overtime wages."  *See Kuck v. Planet Home Lending, LLC,* No. 2:17-cv-o4769 (ADS) (GRB), 2018 WL 6437065, at *4 (E.D.N.Y. Dec. 7, 2018); *see also Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 361 (2d Cir. 2011).  Here,

(i) unpaid overtime compensation, (ii) violation of the notice and recordkeeping requirements,[3] and (iii) violation of the wage statement requirements;[4] and Eighth Cause of Action under New York State Law for breach of contract.  Amended Compl. ¶¶ 118-21, 130-35, 141-51, DE 28.  In the renewed motion, plaintiffs Argiris Ntalianis and Ilias Ilyria have submitted declarations in support of their motion, DE 47-48, and incorporate by reference plaintiffs' previous submissions, DE 38-40, 50.

Having reviewed all of the moving papers, I hereby find as follows:

***Damages:***

    "Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages."  *Finkel v. Romanowicz*, 577 F.3d 79, 83 (2d Cir. 2009).  To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."  *Natale v. Country Ford Ltd.*, No. CV 10-4128 (ADS) (GRB), 2014 WL 4537501, at *4 (E.D.N.Y. Aug. 20, 2014) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)).  The Second Circuit has held that an inquest into damages may be held on the basis of documentary evidence alone, "as long as [the court has] ensured that there was a basis for the damages specified in [the] default judgment."  *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *see Chen v. JP Standard Construction Corp.,* No. 14-CV-1086 (MKB) (RLM), 2016 WL 2909966, at *8 (E.D.N.Y. Mar. 18, 2016), *adopted by,*  2016 WL 2758272 (E.D.N.Y. May 12, 2016).  Where, as here, defendants have defaulted and have deprived plaintiffs of the necessary employment records and hampered their ability to prove damages, the Court may rely upon plaintiffs' testimony and estimates regarding their employment to calculate damages.  *See Rodriguez* , 784 F. Supp. 2d at 126 ("In an FLSA case, in the absence of rebuttal by defendants, plaintiffs' recollection and estimation of hours worked are presumed to be correct"); *accord Becerra v. Well Maid Cleaning Enterprises, Inc.*, No. CV-14-3147 (JFB) (AYS), 2015 WL 5009274, at *5 (E.D.N.Y. Aug. 21, 2015).

    The submissions and declarations of plaintiffs Argiris Ntalianis and Ilias Ilyria sufficiently document their renewed claims for damages.  *See* DE 47-48; *see also* DE 38-40, 50.  Based upon a review of

---

plaintiffs have sufficiently alleged claims against defendants for overtime wages under the FLSA and NYLL.  Amended Compl. ¶¶ 12-79.

[3] Section 195(1) of the NYLL, as amended, requires that "every employer shall provide their employees, at the time of hiring a notice containing information about rates of pay."  *Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB) (RER), 2015 WL 3620364, at *4 n.5 (E.D.N.Y. 2015) (quoting N.Y. Lab. Law § 195(1)(a)).  Plaintiffs have alleged that defendants failed to post such notice.  Amended Compl. ¶ 32.

[4] Section 195(3) of the NYLL, as amended, requires that employers "furnish each employee with a statement with every payment of wages." N.Y. Lab. Law § 195(3).  "For all employees who are not exempt from overtime compensation . . . the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."  *Id*.; *see also Guaman,* 2015 WL 3620364, at *5.  Plaintiffs have alleged that defendants failed to provide wage statements to the plaintiffs.  Amended Compl. ¶ 145

declarations and documentary evidence, I find that plaintiffs Argiris Ntalianis and Ilias Ilyria have established damages in the following amount(s):

☑ **Principal Damages** [DE 40]
    (a)    **Plaintiff Argiris Ntalianis**
        1.    Unpaid Wages:    $ 7,387.50[5]
        2.    Overtime wages:    $ 2,625.00[6]
        3.    Prejudgment interest:    $ 901.13[7]

---

[5] The FLSA and NYLL both guarantee "compensation for all work . . . engaged in by [covered] employees." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 359 (2d Cir. 2011). Moreover, "[d]istrict courts in this Circuit have permitted plaintiffs to proceed on such breach of contract claims for straight wages in conjunction with FLSA and NYLL overtime claims." *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 454-55 (E.D.N.Y. 2014) (citations omitted). Plaintiffs Argiris Ntalianis and Ilias Ilyria submitted sworn affidavits/declarations, DE 47-48; *see* 40, Ex. F, regarding the terms of the oral employment agreement which are presumed correct. *See Schlamowitz v. Tirado,* No. 12 CV 504 (CLP), 2014 WL 4199711, at *4-5 (E.D.N.Y. Aug. 22, 2014) (observing that where the contracted services can be performed within one year of its formation, New York law recognizes the existence of such an oral contracts); *see Singh v. Adam Builder Corp.,* No. 18-cv-1059 (BMC), 2018 WL 2198760, at *1 (E.D.N.Y. May 14, 2018) (recognizing the existence of oral employment agreement).

[6] The FLSA and the NYLL both require employers to compensate their employees at one and one-half times their regular hourly rate for every hour worked over 40 hours per week. *See* 29 U.S.C. § 207(a)(1); 12 NYCCRR § 142-2.2; *see Nakahata* , 723 F.3d at 200 (noting that the NYLL largely adopts the same standard as the FLSA with respect to overtime compensation). Courts have held that where the FLSA and common law claims are grounded in the same facts, the FLSA preempts "claims directly covered by the FLSA (such as overtime)." *Hernandez v. NJK Contractors, Inc.,* No. 09-CV-4812 (RER), 2015 WL 1966355, at *50 (E.D.N.Y. May 1, 2015); *see DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 532-33 (E.D.N.Y. 2011); *see also Acevedo v. WorkFit Med. LLC,* No. 14-CV-6221 (EAW), 2014 WL 4659366, at *14 (W.D.N.Y. Sept. 18, 2014). Here, plaintiffs Argiris Ntalianis claims damages for unpaid overtime compensation from August 1, 2016 to August 28, 2016, and plaintiff Ilias Ilyria claims damages for unpaid overtime compensation from August 1, 2016 to August 14, 2016. Plaintiffs submitted sworn affidavits/declarations regarding the recollection and estimation of hours worked, which are presumed correct. DE 47-48; *see* 40, Ex. F. *See Rodriguez*, 784 F. Supp. 2d at 126; *accord Becerra*, 2015 WL 5009274, at *5.

[7] "While pre-judgment interest may not be awarded in addition to liquidated damages for violations of the FLSA, . . . the Second Circuit has awarded pre-judgment interest for violations of state wage laws." *Hernandez v. NJK Contractors, Inc.,* No. 09-CV-4812 (RER), 2015 WL 1966355, at *50 (E.D.N.Y. May 1, 2015) (citations omitted). Pre-judgment interest is calculated at a rate of nine percent per annum on unpaid wages, including unpaid overtime, and excludes the amount of liquidated damages. *See* N.Y.C.P.L.R. §§ 5001, 5004 (statutory rate of interest is at a rate of nine percent per annum); *see Zurita v. High Definition Fitness Center, Inc.,* 13 CV 4394 (CBA) (RML), 2016 WL 3636020, at *9 (E.D.N.Y. June 29, 2016), *adopted by,* 2016 WL3619527 (E.D.N.Y. June 9, 2016) (although the NYLL permits an award of both liquidated damages and pre-judgment interest, "[p]re-judgment interest is calculated on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law"). Plaintiffs erroneously included liquidated damages in their NYLL prejudgment interest calculations. See DE 40-6. Thus, the undersigned assess the appropriate amount of pre-judgment interest for plaintiff Argiris

|     |                              |                |
|-----|------------------------------|----------------|
| 4.  | Liquidated damages:          | $ 8,043.75[8]  |
| 5.  | NYLL wage notice penalty:    | $ 2,250.00[9]  |
| 6.  | NYLL wage statement penalty: | $ 5,000.00[10] |
|     | **Total Principal Damages:** | **$ 26,207.38** |

**(b) Plaintiff Aristides Ntalianis**

|     |                              |              |
|-----|------------------------------|--------------|
| 1.  | Unpaid wages:                | $ 2,000.00   |
| 2.  | Overtime wages:              | $ 2,175.00   |
| 3.  | Prejudgment interest:        | $ 375.75     |
| 4.  | Liquidated damages:          | $ 2,543.75   |
| 5.  | NYLL wage notice penalty:    | $ 600.00     |
| 6.  | NYLL wage statement penalty: | $ 3,000.00   |
|     | **Total Principal Damages:** | **$ 10,694.50** |

**TOTAL DAMAGES:** $ 36,901.88

---

Ntalianis by calculating the amount at the 9% rate on his unpaid wages and overtime (9% of $10,012.50) for a total of $901.13. The undersigned assesses the appropriate amount of pre-judgment interest for plaintiff Ilias Ilyrian by calculating the amount at the 9% rate on his unpaid wages and overtime (9% of $4,175) for a total of $375.75.

[8] Both the FLSA and NYLL allow for payment of liquidated damages absent a good faith reason that the employer's underpayment was in compliance with the law. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 47-48 (E.D.N.Y. 2015) (under the FLSA an employee is entitled to liquidated damages in an amount equal to the unpaid overtime compensation owed; under the NYLL an employee is entitled to recover 25% of unpaid overtime as liquidated damages, and effective April 9, 2011, an additional 100% of unpaid wages); *see also* 29 U.S.C. § 216(b); NYLL § 198(1-a). Here, defendants have not appeared nor have established good faith to rebut the liquidated damages' presumption. In their damages calculations, plaintiffs Argiris Ntalianis and Ilias Ilyrian seek liquidated damages under the NYLL. Thus, the undersigned assesses the appropriate amount for plaintiff Argiris Ntalianis under the NYLL by calculating the amount at the 25% rate for unpaid overtime compensation owed (25% of $2,625.0 or $656.25) plus 100% rate for unpaid wages owed (100% of $7,387.50) for a total of $8,043.75. The undersigned assesses the appropriate amount of liquidated damages for plaintiff Ilias Ilyrian under the NYLL by calculating the amount at the 25% rate for unpaid overtime compensation owed (25% of $2,175.00 or $543.75) plus 100% rate for unpaid wages owed (100% of $2,000.00) for a total of $2,543.75. *See* DE 47-48; 40, Ex. F.

[9] Since 2015, Section 195(1) provides that employees are entitled to recover wage-notice statutory damages of $50 for each work day that the violations occurred or continue to occur, not to exceed $5,000. N.Y. Lab. Law § 195(3). Plaintiff Argiris Ntalianis asserts he worked 45 days. DE 47; 40, Ex. F. Plaintiff Ilias Ilyrian asserts he worked 12 days. DE 48; 40, Ex. F.

[10] Since 2015, Section 195(3) provides that employees are entitled to recover wage-statement statutory damages of $250 for each work day that the violations occurred or continue to occur, not to exceed $5,000. N.Y. Lab. Law § 195(3). Plaintiff Argiris Ntalianis asserts he worked 45 days. DE 47; 40, Ex. F. Plaintiff Ilias Ilyrian asserts he worked 12 days. DE 48; 40, Ex. F.

*Conclusion*

Based on the foregoing, the Clerk shall enter Judgment awarding damages as follows: principal damages (1) to plaintiff Argiris Ntalianis in the amount of $26,207.38, and (2) to plaintiff Ilias Ilyrian in the amount of $10,694.50, for a total award in the amount of $36,901.88. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

/s/ Gary R. Brown											January 8, 2020

_____				_____

GARY R. BROWN, United States District Judge					Date